UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**GRJH, Inc.,**

          **Appellant,**

         -v-                                 1:07-CV-337

**WILLIAM M. McCARTHY, Chapter 7 Trustee,**

          **Appellee.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**In re:**

                                                                         Bkr. No. 05-12844

**CHAS, Inc.,**

          **Debtor**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Sgambettera & Associates, PC
Matthew J. Sgambettera, Esq., of counsel
323 Ushers Road, P.O. Box 1550
Clifton Park, New York 12065
Attorneys for Appellant

Law Offices of William M. McCarthy
William M. McCarthy, Esq.
60 South Swan Street
Albany, New York 12210
Chapter 7 Trustee, Appellee

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      GRJH, Inc. ("GRJH"), a creditor in Bankruptcy Case No. 05-12844 (CHAS, Inc., debtor) appeals from an order of Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge, dated February 5, 2007, denying its motion to vacate a prior order signed by Judge Littlefield on

October 20, 2006.  GRJH seeks vacatur of the October 20, 2006 order on the ground of mistake of fact or inadvertence, *see* Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b)(1), or misrepresentation by an adverse party.  *See* Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b)(3).  For the reasons that follow, Judge Littlefield's February 5, 2007 order is affirmed and the appeal dismissed.

## FACTS

**Background**

The undisputed facts are as follows.  GRJH leased to CHAS, Inc., the debtor in the underlying Chapter 7 bankruptcy proceeding, premises known as 1529 Crescent Road, Clifton Park, New York ("premises").  On April 1, 2005, the debtor defaulted by failing to make the $5,500 rental payment for the month of April 2005.  GRJH terminated the lease and accelerated the entire unpaid rent due in the sum of $365,475.  GRJH also retained the debtor's security deposit in the amount of $15,000.  On April 23, 2005, the debtor abandoned the premises and GRJH took peaceable possession of the premises and re-leased them.  The debtor filed its Chapter 7 petition on April 25, 2005.  On April 29, 2005, GRJH advised William M. McCarthy, Esq., the trustee, that it had terminated the lease, accelerated the amount due, and taken possession.  GRJH filed a proof of claim against the bankruptcy estate totaling $365,475.

On August 8, 2006, the trustee filed a motion to disallow, reduce, and/or expunge GRJH's claim and allow only an unsecured claim of $5,500.  Paragraph 4 of the application states:

> That the Trustee objects to the [claim for $365,475] ... for it represents the total rent due under the full term of a lease. Said lease was terminated pre-petition and the lessor/claimant took immediate possession of the premises mitigating and cancelling any future lease payments and eliminating any claim pursuant to 11 USC § 365.

On September 8, 2006, GRJH filed the affidavit of its counsel, Matthew J. Sgambettera,

Esq., in opposition to the motion, stating in part:

> 6.   In addition, pursuant to Paragraph 30 of the Contractor Agreement, the Debtor deposited $15,000.00 with GRJH representing security for the performance of the Debtor under the terms of the Contractor Agreement.
> ***
> 9.   The Debtor also agreed that pursuant to Paragraph 1 of the Contractor Agreement, the Debtor agreed to pay the monthly rental payment of $5,500.00 in advance on the first day of each month of the Contractor Agreement.
> 10.   Finally, pursuant to Paragraph 33 of the Lease Agreement, the Debtor agreed that if the Debtor failed to pay any rent under the Lease Agreement, GRJH could accelerate the entire unpaid rent for the balance of the lease.
> 11.   On April 1, 2005, the Debtor failed to make timely rent payment of $5,500.00 to GRJH under the Contractor Agreement.
> 12.   As a result of the Debtors financial default under the terms of the Lease Agreement, GRJH accelerated the full balance due and owing under the terms of the Lease Agreement in the total amount of $365,475.00.
> 13.   On April 23, 2005, the Debtor abandoned the [premises] and GRJH took peaceable possession of the [premises].
> ***
> 15.   On April 29, 2005, GRJH notified the Chapter 7 Trustee that it had taken possession of the [premises] prior to the filing of bankruptcy and terminated the Contractor Agreement.
> 16.   Further, GRJH notified the Chapter 7 Trustee that it had accelerated the full amount due under the Contractor Agreement because the Debtor failed to pay the rent for April.
> ***
> 20.   [D]espite the Trustee's application [to disallow, reduce or expunge GRJH's claim for $365,475], GRJH's claim is based [on] its valid exercise of an acceleration provision of the terms of the Lease Agreement for the Debtors pre-petition defaults under the Lease Agreement and abandonment of the premises.

**The September 13, 2006 return date**

On September 13, 2006, the return date of the trustee's motion, both parties appeared.[1]

GRJH did not dispute the trustee's assertion that the property had been continuously occupied and

---

[1] The matter was set down for 9:00 a.m. At 9:17 a.m. the case was called, but Mr. Sgambettera had not yet appeared. Judge Littlefield held the matter and recalled it at 9:55 a.m., at which time Mr. Sgambettera was present.

operated after the debtor's default and that only one month's rental was unpaid, *i.e.*, the $5,500 April 2005 payment. The trustee argued that GRJH had mitigated its damages by re-letting the premises and was entitled to only $5,500. He stated:

> It's our belief that ... [GRJH] suffered no damages. It had advised me that two days after the filing of the petition he took possession of the premises and continued to operate it. Although I do believe that they're entitled to one month's rent, $5,500 as an unsecured claim.

The trustee added that there would likely be money coming back to the bankruptcy estate inasmuch as GRJH had retained the debtor's $15,000 security deposit.

Mr. Sgambettera contended that GRJH was entitled to claim the entire accelerated amount, relying on the lease terms and New York law. He also stated that the new tenant (apparently a corporation related to GRJH) was paying "whatever the current market rent is on the property"; he did not specify the sum. Nor did he specify any other expenses associated with the termination of the lease and transfer of possession to the new tenant. He added that if they "were dealing with an estate that had ... several hundred thousand dollars in it" he would likely pursue the entire accelerated sum, but, in view of the small size of the bankruptcy estate, "it warrants us sitting down now and saying okay, what is it that we really want to accomplish."

**The October 18, 2006 return date and the October 20, 2006 order**

Judge Littlefield adjourned the matter until September 27, 2006 to enable GRJH and the trustee to attempt to settle the matter. Thereafter, Judge Littlefield adjourned the return dates from September 27, 2006 to October 4, 2006, then to October 11, 2006, and then to October 18, 2006. Judge Littlefield noted (in his October 20, 2006 order) that the adjournments had been granted at GRJH's request.

On October 18, 2006, the trustee, Mr. McCarthy, appeared before Judge Littlefield. When

the matter was called at 9:21 a.m., Mr. Sgambettera, counsel for GRJH, was not present. The trustee stated:

> We have reviewed this case a number of times. I think this is about the fourth time I've been down here. We left last week, I had discussions with Mr. Sgambettera. He told me he was going to get back to me on Friday in relation to this matter and perhaps voluntarily withdrawing his claim and he needed an accounting. He was going to give me an accounting as to the $15,000 deposit which he was holding. My position hasn't changed. That is, of the [$15,000, $9,500 is]... monies that should be turned over to the estate.

Judge Littlefield called the case again at 9:43 a.m. Mr. Sgambettera still had not appeared. The transcript includes the following colloquy between the trustee and the court:

> THE COURT:   Mr. Sgambettera is still not here....
>
> MR. MCCARTHY:  Judge, in this case I objected to the claim and some of the major points as to the objection I believe were admitted in Mr. Sgambettera's response to my motion. He admitted that there was a $15,000 security deposit. He admitted that he took peaceable possession of the leased premises. He admitted that one month's rent of $5,500 was due and owing and <u>he also indicated that the damages were in fact mitigated due to the peaceable possession and occupation</u>. It seems to me as though he filed a claim for $364,000 or thereabouts.
>
> THE COURT:  Based on the entire  - -
>
> MR. MCCARTHY:  - - default of the lease....
>
> THE COURT:  Why don't you give me an order, Mr. McCarthy, making - - reducing to writing your representations based on the admissions of Mr. Sgambettera and then your motion is  - - assuming you have a comfort level of that, that your motion is granted and give me an appropriate order.
>
> MR. MCCARTHY:  Thank you Judge....
>
> THE COURT:  Thank you. Mr. McCarthy, why don't you note in your order that failure to appear by the other side.
>
> MR. MCCARTHY:  I will, yes. Thank you, Judge.

(Emphasis added.)

The ensuing order, signed October 20, 2006, after setting forth the background of the matter, including the numerous adjournments at the behest of GRJH, recites:

> ... and it appearing G.R.J.H., Inc. having indicated in Paragraphs 9 and 11 [of Mr. Sgambettera's September 8, 2006 affidavit, excerpts of which are quoted above] that the Debtor defaulted on its April 1, 2005 rental payment of $5,500, in Paragraph 6 that G.R.J.H, Inc. possessed a Debtor deposit of $15,000, in Paragraph 13 G.R.J.H., Inc. took peaceable possession of the premises, and in Paragraphs 15 and 16 G.R.J.H., Inc. advised the Trustee it had terminated the agreement, and accelerated the amount due to it <u>thereby mitigating its damages</u>. The Trustee asserted ... that the $15,000 deposit held by G.R.J.H., Inc. was estate property pursuant to 11 USC § 541 and the Trustee having timely appeared on October 18, 2006 in support of the Motion and since there being no other appearances, thereby requested the Court recall the case upon the calendar call completion, and oral arguments been considered, and the Court having reviewed all the documents and materials before it, and over claimant's objection, it is
> 
>     ORDERED, that the $365,500 total claim of G.R.J.H., Inc. is disallowed, reduced, and expunged in all respects except that it shall be allowed as a secured claim in the amount of $5,500 and authorized to offset said amount against the Debtor's deposit of $15,000 still remaining in its possession, and it is further
>     ORDERED, that G.R.J.H., Inc. shall turnover the remaining sum of $9,500 to the Trustee, William M. McCarthy, at 60 South Swan Street, Albany, New York 12210 within 10 days from the entry of this Order....

(Emphasis added.)

**GRJH's motion to vacate the October 20, 2006 order**

On October 24, 2006, GRJH moved to vacate the October 20, 2006 order on grounds of mistake of fact or inadvertence, *see* Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b)(1), or misrepresentation or other misconduct by an adverse party. *See* Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b)(3). In support of the motion, GRJH submitted the affidavit of its counsel, Mr. Sgambettera, stating that on the October 11, 2006 appearance, he inadvertently "mis-calendared" the adjourned date as October 25, 2006 instead of October 18, 2006, and for this reason did not

-6-

appear on October 18, 2006. He noted that when he and Mr. McCarthy previously appeared before Judge Littlefield on September 13, 2006, they agreed to attempt to resolve the dispute and, if unsuccessful, to report back to Judge Littlefield, who would set a briefing schedule and hearing date. GRJH argued that when the trustee appeared on October 18, 2006, he should have reported that they had not resolved the matter, and Judge Littlefield should have set a briefing schedule and hearing date rather than issuing a decision on the merits.

Judge Littlefield set November 8, 2006 as the return date of GRJH's October 24, 2006 motion to vacate. When the matter was finally heard on January 24, 2007, Judge Littlefield stated on the record the sequence of adjournments of GRJH's vacatur motion. He recited that the initial return date was November 8, 2006; that the trustee responded on November 3; that on November 7, Mr. Sgambettera sent a fax adjourning the matter to November 15; that on that date everyone appeared; and that Judge Littlefield adjourned the matter to December 20 to give GRJH an opportunity to file amended motion papers to clarify the grounds for the relief sought. GRJH's papers were due by December 4, and the trustee's opposition was due December 18. On December 1, Mr. Sgambettera requested a transcript of the October 18 hearing. On December 8 the Court received a letter from Mr. McCarthy saying he had received nothing from GRJH. On December 12, the Court received a fax from Mr. Sgambettera requesting an adjournment because he had ordered the wrong transcript. On December 13, the Court received a fax from Mr. Sgambettera saying the December 20 hearing would be adjourned on Mr. McCarthy's consent to January 10, 2007. On the morning of January 10, the Court received a fax dated January 9 from Mr. Sgambettera saying he had requested the wrong adjourned date and requesting adjournment to January 24. On January 10, Mr. McCarthy appeared, stating he had not received the fax

requesting the adjournment to January 24.  The Court adjourned the matter to January 24, 2007.  GRJH did not file its amended motion papers (which were due on December 4, 2006) until January 18, 2007.

**The January 24, 2007 return date**

When the parties appeared on the January 24, 2007 return date, Judge Littlefield summarized on the record the reasons he had granted the trustee's motion on October 18, 2006.  In particular he noted GRJH's default in appearing on that date and the trustee's statement on the record that Mr. Sgambettera had previously indicated GRJH might voluntarily withdraw the claim.  Judge Littlefield added: "In effect the Court made a tacit finding that Mr. Sgambettera's client had apparently abandoned the claim because there had been some indication in prior hearings that that was the -- perhaps going to be the result that the claim would either be withdrawn or not pursued."  Judge Littlefield also noted that GRJH's September 8, 2006 papers essentially admitted the facts underlying the trustee's motion and that GRJH had not provided an accounting supporting any offsets to the $15,000 security deposit other than the $5,500 April rent.  Judge Littlefield stated that the papers before him on October 18, 2006 framed the issue, and that based on the papers the trustee's position appeared to be correct.

Mr. Sgambettera argued on January 24, 2007 that his "mis-calendaring" of the October 18, 2006 return date constituted excusable neglect for his failure to appear on that date.  He further argued that the October 20, 2006 order was based on mistake of fact because the trustee had incorrectly represented to the Court that GRJH admitted it had mitigated its damages and/or had no damages.  Rather, Mr. Sgambettera argued, GRJH did not admit that it mitigated its damages and "there's no admission as to what [GRJH's] pre-petition damages are."  He added that, even if

GRJH decided not to pursue the $365,475 accelerated lease payment, it "obviously incurred costs in the turnover of this premises from whatever occurred pre-petition to when it came up and running." He continued:

> We obviously incurred some expenses that are subject to offset. And what I've discussed with Mr. McCarthy is, we would probably be interested in waiving the unsecured portion of the claim because, number one, there's no money in the estate anyway. And number two, we probably would be happy with just the offset of what we're holding as a security deposit versus what we incurred as actual expenditures pre-petition as an offset ... and make it a wash.

Mr. Sgambettera presented no evidence regarding the pre-petition expenditures and acknowledged that it was his "fault" that he did not provide an accounting of such expenses to the trustee "quick enough in terms of a settlement discussion."

Judge Littlefield stated that both the trustee and the court had been waiting since October for GRJH's accounting. Judge Littlefield stated:

> I don't know where the holdup is. That was supposed to be done in October. From what Mr. McCarthy said, he's never received any of that, which once again goes back to the premise that it would appear that your client doesn't have any interest in pursuing it because they haven't -- they haven't followed up with you, I guess, getting you the documentation that you can get to the trustee to try and figure this out. It's never happened. To me that says, your client's not interested in going forward.

Finally, Judge Littlefield questioned the basis for GRJH's motion to vacate, noting that on January 18, 2007, GRJH filed only an attorney's affidavit and not a Memorandum of Law. Judge Littlefield decided to adjourn the matter one week, to January 31, 2007, to give GRJH an opportunity either to settle with the trustee or to file a Memorandum of Law as to why the October 20, 2006 order should be vacated. Judge Littlefield added: "Frankly, I don't see it. I don't -- based on what you've submitted thus far, I don't see any basis. I think Mr. McCarthy is

-9-

correct. But I will give you the opportunity to change my mind." With respect to the filing of GRJH's Memorandum of Law, he stated: "If you want to submit a brief to me, to give me a basis to revisit the order, I'll take it by noon time on Tuesday [January 30, 2007]." He stated there would be no further adjournments or additional time, unless, after receiving Mr. Sgambettera's papers, Mr. McCarthy wanted to respond.

**The January 31, 2007 return date**

On January 31, 2007, both parties appeared before Judge Littlefield. GRJH had not filed its Memorandum of Law until after business hours on January 30. The following colloquy took place:

> THE COURT: Mr. Sgambettera, I'm somewhat taken aback in that last week we spent some amount of time going through the tortured history in this saga of missed appearances, late papers. And I'm somewhat stunned to find out that even though I directed last week, two choices, one settle with Mr. McCarthy or have a further -- give me a memo to back up your position by noon, yesterday.
>
> And we didn't receive that, I assumed that you had settled with Mr. McCarthy. And the motion was either moot, withdrawn, or abandoned. Then I find out that it came in after business hours. I don't know if Mr. McCarthy even saw it. I didn't see it.
>
> MR. SGAMBETTERA: I'm confused, Your Honor. I thought you had originally directed me to submit it either today, then changed your mind, and submit it by yesterday. If Mr. McCarthy looked at it and decided he wanted to submit any response to that, he could do that.
>
> THE COURT: I reviewed the electronic recording, Mr. Sgambettera, and it said, next Tuesday by noon time, yesterday, 12 o'clock. And it wasn't here. That is the next chapter in this continuing saga of late appearances, late pleadings. I'm simply not even -- I haven't even looked at it. I'm not going to look at it.
>
> As far as I'm concerned, the motion is denied, Mr. McCarthy, for all of the reasons last week, for all of the reasons today. Late papers again. I'm not considering them. As far as I'm concerned, this motion is abandoned by

-10-

Mr. Sgambettera.

On February 5, 2007, Judge Littlefield signed the order appealed from.

## DISCUSSION

A bankruptcy court has the authority to vacate or modify a final judgment or order pursuant to Fed. R. Civ. P. 60, which is made applicable to bankruptcy courts by Bankruptcy Rule 9024. *See, e.g., Gey Assocs. Gen. P'ship v. 310 Assocs., L.P. (In re 310 Assocs.)*, 2002 WL 31426344, at *2 (S.D.N.Y.), *aff'd* 346 F.3d 31, 34 (2d Cir.2003). Appellate review of a bankruptcy court's Rule 60 decision is restricted to determining whether that court abused its discretion. *See id.* A bankruptcy court abuses its discretion when it arrives at (1) a decision that rests on an error of law or a clearly erroneous factual finding, or (2) a decision that, though not necessarily the product of legal error or clearly erroneous factual finding, "cannot be located within the range of permissible decisions." *Schwartz v. Aquatic Dev. Group, Inc. ( In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 678 (2d Cir.2003) (citation and internal quotation marks omitted).

GRJH argues that it should be relieved from the October 20, 2006 order on grounds of "mistake, inadvertence, surprise, or excusable neglect[,]" Fed. R. Civ. P. 60(b)(1), or "misrepresentation, or other misconduct of an adverse party[.]" Fed. R. Civ. P. 60(b)(3). Although GRJH did submit opposing papers to the trustee's motion (*i.e.*, the September 8, 2006 affidavit), its failure to appear on October 18, 2006 contributed to Judge Littlefield's determination to grant the motion; thus, this Court considers the factors bearing on a motion to vacate a default. In determining whether to grant Rule 60(b) relief in a default context, courts consider (1) whether the default was willful, (2) whether the movant demonstrates the existence

-11-

of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause prejudice to the non-defaulting party.  *See, e.g., American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

An appeal from the denial of a Rule 60 motion brings up only the denial of the motion to vacate and not the underlying order or judgment itself.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir.1994).  Accordingly, this Court reviews the denial of GRJH's October 24, 2006 motion to vacate for any abuse of discretion; the October 20, 2006 order reducing GRJH's claim is not under direct review.

**Rule 60(b)(1) – excusable neglect**

Federal Rule of Civil Procedure 60(b)(1) permits a court to vacate a final judgment or order on the ground of "excusable neglect."  It is well established that "where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect.'" *State St. Bank and Trust Co. v Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004). On the question of GRJH's diligence, it is clear from the January 24 and January 31, 2007 transcripts that Judge Littlefield considered the entire history of the proceeding.  While an isolated failure to appear on a single return date due to "mis-calendaring" the date may be merely negligent, Judge Littlefield properly considered that failure in the context of GRJH's other conduct: its late papers, failures to submit papers, late appearances, non-appearances, and last-minute adjournments, as well as Mr. Sgambettera's final failure to submit a Memorandum of Law by noon on January 30, 2007, and his unconvincing attempt to excuse that failure.  Judge Littlefield concluded that GRJH was "not interested in going forward."

Indeed, the record strongly supports the conclusion that GRJH was not interested in

-12-

resolving its claim on the merits.  GRJH never briefed the question of the claim for accelerated rent as suggested by Judge Littlefield on September 13, 2006.  On September 13, Mr. Sgambettera also indicated GRJH had a claim for the difference between the lease rent and the current market-value rent, although he did not know what the current market-value rent was and never provided documentation on the question.  On October 11, 2006, Mr. Sgambettera represented that within a few days GRJH would provide an accounting to facilitate settlement; as of January 31, 2007, GRJH had still not provided it.  Further, although GRJH repeatedly represented it wanted to pursue settlement and requested adjournments to do so, there is no evidence of any actual effort to settle.  It may be that GRJH hoped to retain the entire $15,000 security deposit; despite GRJH's failure to produce the promised accounting or any evidence of losses in excess of the $5,500 April rent, Mr. Sgambettera stated on January 24, 2007: "[W]e probably would be happy with just the offset of what we're holding as a security deposit versus what we incurred as actual expenditures pre-petition as an offset ... and make it a wash."  In any event, whatever the motivation for GRJH's conduct in repeatedly delaying the proceeding and raising issues without following through on them, its actions support Judge Littlefield's finding that GRJH was not interested in going forward on the merits.

GRJH's failure to appear on October 18, 2006 is one act in an overall pattern of conduct that cannot reasonably be characterized as merely negligent.  Rather, it evidences either willfulness or an indifference to the responsibilities of a litigant that borders on willfulness.  As such, GRJH's submissions do not show excusable neglect.

**Rule 60(b)(1) – mistake**

In the January 24, 2007 hearing on GRJH's motion to vacate, Judge Littlefield also

-13-

rejected GRJH's assertion of mistake by the court.  In this respect, GRJH cited *In re 310 Assocs*., 346 F.3d at 35 (upholding vacatur of a bankruptcy court order that awarded a "breakup fee" to a bidder based on the erroneous assumption that there were no prior bidders interested in purchasing the property).  Judge Littlefield noted that in *310 Assocs*., the bankruptcy judge clearly made a mistake of fact; in contrast, Judge Littlefield stated: "My situation was not a mistake of fact or law.  It was based on the fact that you had indicated in prior hearings that your client in all likelihood was not going to pursue the claim."

Judge Littlefield then referred to "the substance of the matter."  He recited the undisputed facts that the debtor had vacated the premises; that GRJH had taken peaceful possession of the property and had re-leased it; that there was no interruption in occupancy; that the debtor failed to pay only one month's rent in the sum of $5,500; and that GRJH had retained the $15,000 deposit.  He stated: " your client seamlessly went on and there was somebody else in the premises, *i.e.*, there were no further damages." He continued:

> And I still have nothing to get to the heart of the matter of why I would ever reconsider what I did on the 18th of October.  It wasn't mistake of fact.  If it is [a mistake], it's [one of] law, because I knew exactly what was going on and frankly thought your client had abandoned his position because you weren't here.

Thus, Judge Littlefield's reasonable conclusion that GRJH had decided not to dispute the trustee's motion was bolstered by the fact that all the undisputed evidence before the court supported the relief requested by the trustee.  Further, Judge Littlefield made clear on the record that he relied on those facts in granting the trustee's motion.  There is no evidence of a mistake of fact or law.

In arguing the vacatur motion before Judge Littlefield on January 24, 2007, Mr.

-14-

Sgambettera contended that the October 20, 2006 order reflected that Judge Littlefield erred in relying on the trustee's false statement that Mr. Sgambettera had admitted GRJH had mitigated its damages and/or had no damages. As just discussed, Judge Littlefield's statements on the record establish that he did not rely on any such representation. Rather, he relied on GRJH's failure to appear after it had indicated it might not pursue its claim and on the undisputed facts recited on the record, based upon which he concluded that GRJH had no damages above the $5,500 April rent and that the relief requested by the trustee was warranted.

Moreover, as this Court reads the record, there was no misrepresentation by the trustee to the effect that Mr. Sgambettera had admitted that GRJH had mitigated its damages. The statement by Mr. McCarthy on October 18, 2006, read in context, cannot reasonably be viewed as a factual representation that Mr. Sgambettera admitted GRJH had mitigated its damages. Rather, it is most reasonably understood as representing the trustee's conclusion based on the facts admitted by Mr. Sgambettera. Likewise, the corresponding statement in the October 20, 2006 order is best read as a conclusion based on the specifically-cited admissions in GRJH's September 8, 2006 submission. These two statements cannot reasonably be viewed as reflecting a misrepresentation; thus, they do not provide a basis for a finding of mistake.

**Rule 60(b)(3) – misrepresentation**

For the reasons discussed above, GRJH has not shown that it is entitled to relief on the ground that the October 20, 2006 order was based on a misrepresentation by the trustee.

**Vacatur of default – willfulness**

The Second Circuit interprets "willfulness" in the default context to refer to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)

(citing *American Alliance*, 92 F.3d at 61 (default due to filing mistake by defendant's in-house counsel's clerk held not willful)).  Willfulness may be found, for example, where "the conduct of counsel or the litigant was egregious and was not satisfactorily explained[,]" *id.*, or where "the moving party had apparently made a strategic decision to default." *American Alliance*, 92 F.3d at 60 (citations omitted).  In contrast, vacatur of a default may be appropriate where the overall conduct of the litigant "evidence[d] his intent to fulfill his obligations as a litigant." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (reversing denial of motion to set aside entry of default).  As the Second Circuit stated: "The subjective inquiry into willfulness effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not." *American Alliance*, 92 F.3d at 61.

As set forth above in the discussion of excusable neglect under Rule 60(b)(1), this Court concludes that GRJH's default in appearing on October 18, 2006 is one act in an overall pattern of conduct that evidences either willfulness or an indifference to the responsibilities of a litigant that borders on willfulness.

**Vacatur of default – meritorious defense**

Whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *State St. Bank*, 374 F.3d at 167.  Because default judgments are disfavored, "the criteria for vacating a default judgment pursuant to Rule 60 , including the meritorious defense factor, should be construed generously." *Id.* at 168 (citation and internal quote omitted).

At no point in this litigation has GRJH made a showing of a meritorious defense to the trustee's motion.  It has not submitted an accounting regarding the $15,000 security deposit.  It

-16-

has made no factual showing that the "current market-value" rent it is now receiving is less than the $5,500 monthly rental under the lease. It has not shown any other damages besides the $5,500 April 2005 rental payment. Nor has it shown any other factual basis for its claim that it is entitled to retain more than $5,500.

Further, GRJH has cited no legal basis for its contention that it is entitled to claim the $365,475 accelerated rent. It may be, as GRJH contends, that under New York law it has no obligation to mitigate its damages. This does not, however, limit the bankruptcy court's equitable consideration of factors such as the actual economic harm sustained by GRJH, its ability to protect itself from such harm, and fairness to other creditors. *See generally Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 610 (2d Cir. 2007) (holding that state contract law allowing commercial lessor to recover damages stemming from debtor's rejection of lease without requiring mitigation "does not affect the bankruptcy court's equitable consideration of the practical effect of [lessor's] ability to protect himself by reletting the premises."); *In re Admetric Biochem, Inc*., 284 B.R. 1, *11 (Bkrtcy.D.Mass. 2002) (stating that Bankruptcy Code's policies of fairness to creditors and equality of distribution among similarly situated creditors compels bankruptcy court to recognize actual economic harm suffered; rejecting claim for liquidated damages "far in excess of that harm and grossly disproportionate to any reasonable estimate of actual damages."). The limited evidence on this record, even if proven at trial, does not support GRJH's claim to any part of the accelerated rent. Nor does the record – no matter how generously construed – disclose any other legal or factual defense to the October 20, 2006 order allowing GRJH to retain $5,500 and directing it to turnover the balance of the security deposit to the estate.

**Vacatur of default – prejudice**

Particularly in view of the small size of the debtor's estate, it is probable that the delays resulting from GRJH's conduct caused some degree of prejudice to the debtor and creditors, as well as adding to the burdens of the bankruptcy court and trustee. The parties do not address this point, however, and the Court does not consider it.

**Conclusion**

There is no basis to find that Judge Littlefield's exercise of discretion in denying GRJH's motion to vacate rests on an error of law or a clearly erroneous factual finding. Nor is there any basis to conclude that his denial of the vacatur motion falls outside the range of permissible decisions. Rather, his exercise of discretion is strongly supported by the record. GRJH has not made a showing that the October 20, 2006 order rests on a mistake of fact or a misrepresentation. Nor has GRJH shown excusable neglect; rather, there is evidence that it engaged in a pattern of conduct reflecting either willfulness or an indifference to the responsibilities of a litigant bordering on willfulness. Moreover, GRJH has not demonstrated the existence of a meritorious factual and/or legal defense to the trustee's motion. Viewing the entire record, and weighing all relevant factors, the Court holds that Judge Littlefield's February 5, 2007 order denying vacatur of the October 20, 2006 order reflects a proper exercise of discretion.

The trustee's affidavit on this appeal requests an award of attorney's fees. He does not, however, cite the authority upon which he relies. *See generally Brien v. Kullman Inds., Inc.*, 71 F.3d 1073, 1078 (2d Cir. 1995) (noting that Fed.R.Civ.P. 60(b) does not authorize imposition of attorney's fees in connection with denial of motion to vacate). There is no mention of attorney's fees in the trustee's Memorandum of Law, and perhaps for this reason GRJH does not address the

-18-

issue in its reply papers.  This Court declines to award attorney's fees.

## CONCLUSION

It is therefore

ORDERED that the February 5, 2007 order of Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge, is affirmed; and it is further

ORDERED that the appeal is dismissed.

IT IS SO ORDERED.
January 30, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge